IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRYAN JAMES GARDNER,<br><br>Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:10-CR-551-TC |

Defendant Bryan James Gardner faces trial on January 14, 2013, on one count of possession of child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of distribution of child pornography, a violation of 18 U.S.C. § 2252A(a)(2) &(b). Mr. Gardner has challenged the admissibility of the testimony of three government witnesses who have been designated by the government as experts: Special Agent Michael Jensen, Special Agent Jeffrey Ross[1] and Mr. Stacey T. Evans.[2] The court held hearings on December 3, and December 11, 2012, to determine whether these witnesses may testify as experts under Rule 702 of the Federal Rules of Evidence and <u>Daubert v. Merrill Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).

---

[1] At the December 11, 2012 <u>Daubert</u> hearing (which was a continuation of the December 3, 2012 <u>Daubert</u> hearing), the court ruled from the bench and denied Mr. Gardner's motion to bar Special Agent Ross's testimony.

[2] The government challenged the admissibility of Mr. Gardner's expert, Steven Moshlak In a previous order (<u>see</u> Dec. 21, 2012 Order (Docket No. 266)), the court held that Mr. Moshlak could testify but within boundaries established by the order.

**Standards Governing Admissibility of Expert Witness Testimony and Reports**

Under the Federal Rules of Evidence, an expert witness (one qualified by knowledge, skill, experience, training, or education):

> may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is <u>based on sufficient facts or data</u>;
> (c) the testimony is the <u>product of reliable principles and methods</u>; and
> (d) the expert has <u>reliably applied the principles and methods to the facts of the case</u>.

Fed. R. Evid. 702 (emphasis added).

Under the evidentiary rule, the court's inquiry is twofold. First, the court must determine whether the witness is qualified as an expert in the area about which he will testify. <u>United States v. Nacchio</u>, 555 F.3d 1234, 1241 (10th Cir. 2009) ("In determining whether expert testimony is admissible, the district court generally must first determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." (quoting Fed. R. Evid. 702)). Second, the court must determine whether the expert opinion is relevant and reliable. <u>Daubert v. Merrill Dow Pharms., Inc.</u>, 509 U.S. 579, 589 (1993).

**Special Agent Michael Jensen**

Special Agent Jensen is the director of the Intermountain West Regional Computer Forensic Laboratory (RCFL). He is a digital forensics examiner and has previously testified as an expert approximately ten times. Mr. Gardner does not challenge Agent Jensen's qualifications to testify as an expert. Mr. Gardner instead contends that Agent Jensen will do little more than "<u>vouch for the work done by Darren Williams</u>, the former examiner who no longer works at the RCFL.." (Def.'s Objection [Dkt. No. 247] at 1.) Mr. Gardner also apparently disputes the

reliability and accuracy of Agent Jensen's testimony. He does not, however, object to having Agent Jensen testify about "the methodology normally employed in an FTK forensic computer examination." (Id. at 2.)

The court will not allow Agent Jensen to give any testimony which is not supported by an adequate factual basis. Mr. Gardner's attorney can certainly object to any testimony which he believes is not reliable. But at this stage, the court denies Mr. Gardner's motion.

**Stacey T. Evans**

Mr. Evans is a computer forensic examiner at the RCFL[3] who used FTK software to carry out a second, more in-depth, examination of the images allegedly possessed by Mr. Gardner. Mr. Gardner does not object to Mr. Evans' qualifications but raises other objections to Mr. Evans' method and its application.

Mr. Gardner objects to the fact that Mr. Evans examined mirror images of the Gardner family computer that were prepared by someone else at the RCFL. According to Mr. Gardner, there is no evidence that these mirror images are identical to the actual images found on the Gardner family computer hard drives. Mr. Gardner is incorrect. Mr. Jensen testified about the process of comparing the "digital fingerprint" of the image to be examined, that is, comparing the "MD5 hash value" of the actual and mirror images. If the two MD5 values match, then the mirror image and the actual image also match. (Transcript of Dec. 3, 2012 Hearing ("Tr.") at 27.) Mr. Evans, who did an additional examination using the mirror images, verified that the MD5 hash values matched. (Tr. at 88.)

---

[3] Mr. Evans' curriculum vitae is in the record. (Dkt. No. 172-1.)

Mr. Gardner notes that, at one point, Mr. Evans erroneously referred to the Gardner computer as a "laptop." He also objects to the methodology Mr. Evans used to test the "thumbs.db" modification dates. But Mr. Evans explained that the method he, and others, used was the same method used at Access Data (the FTK software developer). (Id. at 130-31).

The court concludes that the objections raised by Mr. Gardner go only to the weight of Mr. Evans' testimony. Accordingly, Mr. Gardner's motion to bar Mr. Evans' testimony is denied.

**ORDER**

For the reasons set forth above, the court DENIES Mr. Gardner's motion (Dkt. No. 247) to strike the testimony of the government's expert witnesses.

SO ORDERED this 3rd day of January, 2013.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge